**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 07-1074

UNITED STATES OF AMERICA,

Appellant,

v.

MICHAEL K.C. TOM,

Defendant, Appellee.

---

ON REMAND FROM THE UNITED STATES SUPREME COURT

---

Before

Lynch and Lipez, <u>Circuit Judges</u>,
and Barbadoro,[*] <u>District Judge</u>.

---

<u>Jonathan F. Mitchell</u>, Assistant United States Attorney,
<u>Michael J. Sullivan</u>, United States Attorney, <u>Paul G. Levenson</u>,
Chief, Economic Crimes Unit, and <u>Dina Michael Chaitowitz</u>, Chief of
Appeals, on supplemental brief for appellant.
<u>Mark W. Pearlstein</u> and <u>McDermott Will & Emery LLP</u> on
supplemental brief for appellee.

---

April 30, 2008

---

[*]    Of the District of New Hampshire, sitting by designation.

**LYNCH**, **Circuit Judge**.  The government appealed as unreasonably lenient a sentence of thirty-six months of probation (including six months of community confinement) imposed on Michael Tom, who pled guilty to five counts of insider trading in violation of 15 U.S.C. §§ 78j(b) and 78ff(a).  We agreed with the prosecution, vacated the sentence, and remanded the case to the district court for resentencing in accordance with our opinion. The Supreme Court vacated this court's judgment and remanded the case for reconsideration under Gall v. United States, 128 S. Ct. 586 (2007).  See United States v. Tom, 504 F.3d 89 (1st Cir. 2007), vacated, 128 S. Ct. 1132 (2008).

We have asked for and received briefs from both sides on the effect of Gall.  Defendant takes the position that we must now affirm the district court's sentence; the prosecution takes the position that Gall does not affect our prior analysis and that the district court's sentence is plainly an abuse of discretion on its own analysis.  We choose a middle course and, after consideration of Gall, remand the sentence to the district court for reconsideration.  This is consistent with the approach this court outlined in United States v. Martin, 520 F.3d 87 (1st Cir. 2008).

In Martin, this court interpreted Gall as incorporating certain principles for sentencing at the district court level. First,

> a sentencing court should not consider itself
> constrained by the guidelines to the extent

-2-

> that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall, 128 S. Ct. at 598.

Id. at 91.

> In addition,

> the fact that a sentencing court possesses the raw power to deviate from the guidelines does not mean that it can (or should) do so casually. The court's reasons for deviation should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender; must add up to a plausible rationale; and must justify a variance of the magnitude in question.

Id. (citing United States v. Scherrer, 444 F.3d 91, 93 (1st Cir. 2006) (en banc); United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)).

Further, "notwithstanding this need for an increased degree of justification commensurate with an increased degree of variance, there is no stringent mathematical formula that cabins the exercise of the sentencing court's discretion. Indeed, after Gall the sentencing inquiry - once the court has duly calculated the GSR - ideally is broad, open-ended, and significantly discretionary." Id. at 91-92 (citing United States v. Vega-Santiago, 519 F.3d 14, 20 (1st Cir. 2008) (en banc)).

Martin also construed Gall on the principles that inform appellate review. After considering whether the district court committed procedural errors, the appellate court must, giving deference to the discretion of the district court, still consider whether the district court sentence is substantively reasonable. Id. at 92.

In our earlier opinion, we explained why we considered the ultimate sentence in this case substantively unreasonable in light of the explanations given by the district court in sentencing. See Tom, 504 F.3d at 94. We did not then, nor do we now, use any type of mechanistic formula or proportionality.

Our opinion identified three categories of concern with the district court's sentence: the court's desire to avoid a disparity of sentences between Tom and a cooperating co-defendant sentenced by another judge; the court's recognition that Tom was subject to civil sanctions by the Securities and Exchange Commission; and the court's reliance on Tom's "family problem," namely his need to care for his daughter. Id. at 93. In our view, the justifications given by the court for its lenient sentence did not adequately consider the national interests in federal sentencing, exemplified in part by the Sentencing Guidelines. See Gall, 128 S. Ct. at 594 ("For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from

-4-

the review of thousands of individual sentencing decisions."); see also id. at 597 ("If [the court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one."). Nor did the explanations given, in our view, justify the sentence on the basis of the defendant's individual characteristics.

The prosecution's proposal that we simply reinstate our prior reasoning and result does not strike us as sound. It is fairer, we think, to remand the sentence for reconsideration in light of the concerns we expressed in our prior decision, the Supreme Court's elucidation of district court sentencing procedure in Gall, and the issues the parties have raised in their briefs to us. Any sentence imposed by the district court should be accompanied by a new statement of reasons.

We intimate no views on what would be outside the range of sentences which are within the discretion of the district court.

So ordered.